## Ferguson v. Ferguson

*Donald W. Vanartsdalen,* for plaintiff.
*Ross & Smith,* for defendant.

KELLER, P. J., November 24, 1952.—This matter is before us upon defendant's petition and, motion for a rule upon plaintiff to show cause why the above-entitled action should not be referred back to the master for a further hearing to take the testimony of defendant, and such other witnesses as he shall see fit to produce, and to cross-examine plaintiff.

This action was originally instituted on October 25, 1951. Because of nonservice on defendant, the complaint was reinstated on December 7, 1951, and again on January 25, 1952. On April 2, 1952, an affidavit of service of the complaint was filed, showing that defendant, a nonresident of Pennsylvania, had been per-

sonally served on February 6, 1952, at 25 West Forty-third Street, New York City, in accordance with Rule 1124 $(a)$ $(3)$ $(a)$ of the Pennsylvania Rules of Civil Procedure. No answer or appearance having been filed by defendant within the 20 days allowed him to do so, a master was appointed on April 7, 1952, on motion of the attorney for plaintiff. On April 17, 1952, Ross & Smith, Esqs., entered their appearance for defendant, but no answer was ever filed on behalf of defendant.

The master designated May 14, 1952, as the date for a hearing. On that date, defendant's attorney, Mr. Smith, appeared for defendant and requested that the hearing be continued until May 21, 1952, which continuance was granted by the master. At the hearing held on May 21, 1952, neither defendant nor his attorney appeared. On August 15, 1952, the master filed his report, recommending that a decree of divorce be granted. On August 21, 1952, the court, on motion of defendant's attorney, granted an extension of time until September 8, 1952, in which to file exceptions. No exceptions have been filed, but on September 3, 1952, defendant obtained the above-mentioned rule directing the plaintiff to show cause why the case should not be referred back to the master for a further hearing. This rule was made returnable September 22, 1952, and was subsequently argued before the court en banc.

This rule must be discharged. While we recognize that the court may, in its discretion, whenever the interests of justice require it, have divorce proceedings referred back to the master for further testimony, there are no unusual circumstances in this case or any allegations of fraud either upon plaintiff or upon the court, which would warrant such procedure. Despite the ample opportunity afforded defendant to defend this action, he not only failed to take any affirmative steps to do so but did not appear at the hearing, either

in person or by his counsel, although the hearing before the master was fixed to suit his convenience. Not only has he given no reason for his nonappearance, but he has also failed to file any exceptions to the master's report, as it was his privilege to do, under the law.

Under the circumstances, the reasonable inference is that defendant is not so much concerned about his wife securing a divorce as he is as to the nature of his conduct toward her. Because of the nature of the charges, they could not be corroborated by plaintiff and a rehearing could only give defendant an opportunity to deny them. Plaintiff admitted before the master that defendant had always and steadfastly denied her accusations against him in her complaint in this regard. Consequently, a rehearing would result only in the master having to determine the credibility of plaintiff and of defendant. Defendant undoubtedly was aware of the nature of plaintiff's charge and complaint against him long before the master's hearing; if he was unaware and had wished to inform himself, he could very readily have asked for a bill of particulars, which he did not do. Furthermore, he could have attended the hearing before the master, had he wished to object to these matters, and to cross-examine plaintiff and present his defense.

This case is a very close parallel to that of Hamilton v. Hamilton, 37 Delaware Co. 433, in which Judge Bretherick states: "We are deeply sensible of the fact that the Commonwealth is always the unnamed third party to a divorce proceeding. We are also acquainted with the maxim that it is in the interest of the public that there be an end to litigation; and when a defendant in a divorce action, who has had ample opportunity to present a defense, comes in at the eleventh hour and seeks to delay the case, from what appears to be an improper motive, we think the maxim applies in its full rigor."

To the same effect, Mango v. Mango, 82 D. & C. 459.

And now, to wit, November 24, 1952, the rule is discharged and defendant's petition to refer this proceeding back to the master for a further hearing is denied.